```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUWAYNE CAREY,                    )
                 Plaintiff,       ) Civil Action No. 05-1695
                                  )
         vs.                      ) District Judge Terrence F. McVerry
                                  ) Magistrate Judge Lisa P. Lenihan
BARRY JOHNSON; SUSAN MYERS;       )
MATTHEW MORROW; MARK HAMMER;      )
DR. JAMIL AHMED; and              )
DR. DURRE AHMED,                  )
                 Defendants.      )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendants Mark Hammer, Dr. Jamil Ahmed and Dr. Durre Ahmed (doc. no. 18) be granted and that Plaintiff's claims against non-moving Defendants Barry Johnson, Susan Myers and Matthew Morrow be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(PLRA). In addition, it is respectfully recommended that Plaintiff's motions for injunctive relief (doc. nos. 14 and 49) be denied as moot.

II. REPORT

Plaintiff, Duwayne Carey, an inmate previously incarcerated at the State Correctional Institution at Pine Grove, located in Indiana, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the following Defendants: Barry Johnson, Superintendent; Susan Myers, CHCH; Matthew Morrow, Employment Coordinator; Mark Hammer, Physicians

Assistant; Dr. Jamil Ahmed; and Dr. Durre Ahmed.  In his Complaint, Plaintiff alleges that Defendants improperly allowed him medical clearance to work in the prison kitchen and failed to provide him adequate medical treatment for his hernia.  For the reasons set forth below, the complaint should be dismissed because it fails to state a claim upon which relief may be granted under 42 U.S.C. 1983.

### A. Standards of Review

Defendants Mark Hammer, Dr. Jamil Ahmed and Dr. Durre Ahmed have filed a Motion to Dismiss (doc. no. 18).  Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).[1]

---

1.  In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing

In addition, in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress granted authority to federal courts for *sua sponte* screening and dismissal of prisoner claims and that Act is applicable to this case. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Also, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons

---

in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e.  In this regard, the PLRA amended section 1997(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the non-moving defendants are officers or employees of a governmental entity.  In addition, this Court granted Plaintiff's Motion to Proceed in forma pauperis on December 16, 2005 (doc. no. 2).  Moreover, in this action, he is complaining about prison conditions.  Thus his allegations must be reviewed in accordance with 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C.A. § 1997e.  In reviewing complaints under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C.A. § 1997e, a federal court applies

the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

### B. Plaintiff's Allegations

In his Complaint, Plaintiff alleges that on March 8, 2004, he was transferred from SCI-Camp Hill to SCI-Pine Grove and that since that time, his health has deteriorated. He claims he is a 41 year old man who suffers from high blood pressure and a hernia. Since March 8, 2004, he has been forced to work in the kitchen when he is on a medical restriction of lifting no more than ten pounds and standing no more than one-hour at a time. He has two bullets in his legs, which causes them to swell up. On August 4, 2005, he was given leg hose to reduce the swelling. On June 21, 2005, he was given a truss for his hernia.

He further alleges that on August 19, 2005, he fell on a wet floor in the kitchen and hurt his neck and back. He was given tylenol for pain and was taken for an x-ray on August 23, 2005. Finally, he claims he needs surgery for his hernia, which has been denied.

### C. Liability under 42 U.S.C. § 1983

---

[2] See, e.g., Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Plaintiff seeks to assert liability against the Defendants pursuant to the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

As a convicted, sentenced prisoner, Plaintiff's claims invoke the protections of the Eighth Amendment, as applied to the states through the Fourteenth Amendment. In order to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825, 114

S.Ct. 1970, 1977 (1994); Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.  "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment. . . .  To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'"  Farmer, 114 S.Ct. at 1977 (quoting Wilson, 501 U.S. at 297).

In the context of a claimed denial of medical treatment, an inmate must show two elements to demonstrate a violation of his rights as protected by the Eighth Amendment:  1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need.  Id.  The first element requires a plaintiff to demonstrate a medical need that is objectively "sufficiently serious."  A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person easily would recognize the necessity for a doctor's attention.  Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element requires a plaintiff to demonstrate that officials subjectively acted with a sufficiently culpable state of mind.  In this regard, a plaintiff must demonstrate that a defendant's acts constituted "an unnecessary and wanton infliction

of pain" or were "repugnant to the conscience of mankind." Gamble, 429 U.S. at 105-106.  With respect to claims for inadequate medical treatment, defendants may exhibit deliberate indifference by intentionally denying or delaying access to medical care, or by intentionally interfering with the treatment once prescribed.  *Id*.  However, an inadvertent failure to provide adequate medical care does not evidence deliberate indifference.  *Id*.  Furthermore, while an intentional refusal to provide any medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that is available elsewhere.  A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation; the right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice. Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983); White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

Although the Plaintiff's allegations show that he is suffering from a serious medical need, they do not demonstrate that any of the Defendants acted with deliberate indifference with

- 8 -

respect to the medical treatment that he was provided.  The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action.  Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997).  The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified."  Id.  Moreover, deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the former conduct violates the Eighth Amendment.  Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation.  Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

The Supreme Court explained the difference between negligence and constitutional claims in Estelle v. Gamble, 429 U.S. 97, 104 (1978).  In that case, the prisoner, Gamble, was injured when a bale of cotton fell on him while he was unloading a truck.  He

- 9 -

went to the unit hospital where a medical assistant checked him for a hernia and sent him back to his cell. He returned to the hospital where he was given pain pills by an inmate nurse and then was examined by a doctor. The following day, his injury was diagnosed as a lower back strain; he was prescribed a pain reliever and a muscle relaxant. Over the course of several weeks, Gamble was seen by several doctors who prescribed various pain relievers and provided him with medical work excuses. Ultimately, despite his protests that his back hurt as much as it had the first day, medical staff certified Gamble to be capable of light work. During the next two months, Gamble received a urinalysis, blood test, blood pressure measurement, and pain and blood pressure medication. Subsequently, a medical assistant examined Gamble and ordered him hospitalized for treatment of irregular cardiac rhythm.

The Supreme Court held that Gamble's allegations failed to state a claim upon which relief could be granted against the defendant, both in his capacity as a treating physician and as the medical director of the Corrections Department.

> Gamble was seen by medical personnel on 17 occasions spanning a 3-month period . . .. They treated his back injury, high blood pressure, and heart problems. Gamble has disclaimed any objection to the treatment provided for his high blood pressure and his heart problem; his complaint is "based solely on the lack of diagnosis and inadequate

>  treatment of his back injury."  The doctors
>  diagnosed his injury as a lower back strain
>  and treated it with bed rest, muscle relaxants
>  and pain relievers.  Respondent contends that
>  more should have been done by way of diagnosis
>  and treatment, and suggests a number of
>  options that were not pursued.  The Court of
>  Appeals agreed, stating:  "Certainly an x-ray
>  of (Gamble's) lower back might have been in
>  order and other tests conducted that would
>  have led to appropriate diagnosis and
>  treatment for the daily pain and suffering he
>  was experiencing."  <u>But the question whether
>  an X-ray or additional diagnostic techniques
>  or forms of treatment is indicated is a
>  classic example of a matter for medical
>  judgment.  A medical decision not to order an
>  X-ray, or like measures, does not represent
>  cruel and unusual punishment.  At most it is
>  medical malpractice, and as such the proper
>  forum is the state court under the Texas Tort
>  Claims Act</u>.

<u>Gamble</u>, 427 U.S. at 107 (internal citations omitted) (emphasis added).

Plaintiff's allegations, like Gamble's, do not state a constitutional violation, a prerequisite for recovery under 42 U.S.C. § 1983.  Importantly, Plaintiff's own allegations and exhibits reveal that he has received constant medical care for his complaints.  His own exhibits show that his kitchen job did not violate his medical restrictions as he worked standing up in the service line for 50 minutes and spent the rest of the time sitting wrapping silverware.  Ex. 21, doc. no. 45.  Construing the facts in his favor, he fails to show deliberate indifference.  On these facts, no reasonable jury could conclude that Defendants were

deliberately indifferent to the Plaintiff's needs or that they consciously disregarded a substantial risk of serious harm.  The record is clear that Plaintiff vigorously was treated for his medical conditions.  Like the prisoner Gamble, Plaintiff's allegations, at most, allege negligence.  *See, e.g.*, Rivera v. Goord, 253 F.Supp.2d 735, 755 (S.D.N.Y. 2003) (holding that, even assuming oral surgeon's conduct in removing piece of tissue from inmate's mouth instead of extracting impacted wisdom tooth was negligent and that surgeon committed medical malpractice, neither such conduct nor surgeon's choice of procedure gave rise to claim for deliberate indifference to inmate's medical needs in violation of Eighth Amendment).[3]

### D. Motions for Injunctive Relief

Also pending are two motions for injunctive relief filed by Plaintiff.  Plaintiff's requests for injunctive relief are moot given the fact that he has been transferred out of SCI-Pine Grove and now is confined at SCI-Greensburg.  *See, e.g.*, Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993) (holding that inmate's

---

3  *See also* Young v. Quinlan, 960 at 358 (3d Cir. 1992) (district court properly granted summary judgment where no rational trier of fact could reasonably conclude that the defendants were deliberately indifferent to plaintiff's medical needs); Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991) (where there is no evidence of treatment so inadequate as to shock the conscience, let alone that any deficiency was intentional or evidence of acts or omissions so dangerous that a defendant's knowledge of a large risk can be inferred, summary judgment is appropriate).

release from institution rendered moot his claim for injunctive or declaratory relief); <u>Weaver v. Wilcox</u>, 650 F.2d 22, 27 (3d Cir. 1981) (holding that a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge).  The transfer of Plaintiff to SCI-Greensburg moots any claims for injunctive and declaratory relief against Defendants who no longer have any responsibility over the care and control of Plaintiff at SCI-Greensburg.

### III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendants Mark Hammer, Dr. Jamil Ahmed and Dr. Durre Ahmed (doc. no. 18) be granted and that Plaintiff's claims against non-moving Defendants Barry Johnson, Susan Myers and Matthew Morrow be dismissed in accordance with the Prison Litigation Reform Act.  In addition, it is respectfully recommended that Plaintiff's motions for injunctive relief (doc. nos. 14 and 49) be denied as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections

to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

|  |  |
|---|---|
| October 13, 2006 | /s/Lisa Pupo Lenihan<br>LISA PUPO LENIHAN<br>U.S. Magistrate Judge |

cc:  Terrence F. McVerry
     United States District Judge

     Duwayne Carey
     FK-1088
     S.C.I. Greensburg
     R.D. #10, Box 10
     Greensburg, PA 15601

     Mariah Passarelli
     Assistant Attorney General
     Office of Attorney General
     Fifth Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA 15219

     Elizabeth M. Yanelli, Esquire
     Pietragallo, Bosick & Gordon
     One Oxford Centre
     38th Floor
     Pittsburgh, PA 15219