IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUWAYNE CAREY, ) | |
| ) | Civil Action No. 05 - 1695 |
| Plaintiff, ) | |
| ) | Judge Terrence F. McVerry / |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| SUPERINTENDENT BARRY JOHNSON; ) | |
| SUSAN MYERS, *CHCH*; MATTHEW ) | Doc. No. 61 |
| MORROW, *EMPLOYMENT COORDINATOR*; ) | |
| MARK HAMMER, *P.A.*; DR. JAMIL AHMED; ) | |
| and DR. DURRE AHMED, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff's original complaint in the above matter was filed on December 8, 2005. The allegations involve deliberate indifference to Plaintiff's health and medical needs. He has filed a number of motions to amend, asking to add additional, and often unrelated allegations. Pending before this Court is yet another Motion to Amend the original complaint, filed on November 1, 2006. This motion requests allowance to add a cause of action for a retaliatory transfer, due to Plaintiff's having filed the present action. The alleged retaliatory transfer took place in August 2006, approximately 8 months after the filing of the original complaint.

While the Court recognizes that the federal rules of procedure provide for the joinder of additional claims against a party, the Court is concerned that allowing the Plaintiff to continue to amend his complaint whenever something occurs that he is unhappy with and then relate it back to this lawsuit will only result in the lawsuit never coming to any conclusion. Also, pending in

this case is a Report and Recommendation to the District Court recommending that this complaint be dismissed. Allowing Plaintiff to amend at this time is tantamount to allowing him to file a new complaint without applying for in forma pauperis status or paying a filing fee. In addition, there is the problem of the applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies, and this is true even if the ultimate relief sought is not available through the administrative process. <u>See</u> <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir.2000), <u>cert. granted</u>, 531 U.S. 956 (2000), <u>aff'd</u>, 121 S.Ct. 1819 (2001). Based upin the documents attached to Plaintiff's motion, it appears that he filed an initial grievance, which was denied. It is unclear, however, whether Plaintiff has appealed this through all channels as required under the law. The Court believes that the best way to address this situation is for the Plaintiff to file another lawsuit based upon a retaliation claim, and that we proceed forthwith with the present lawsuit to bring it to a timely conclusion. Therefore,

**IT IS ORDERED** this 3rd day of November, 2006, that Plaintiff's Motion To Amend his Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates.

Failure to appeal within ten (10) days shall constitute waiver of the right to appeal.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc:

**DUWAYNE CAREY**
FK-1088
S.C.I. Greensburg
R.D. #10, Box 10
Greensburg, PA 15601


Counsel of Record