IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUWAYNE CAREY, | ) |
| | ) Civil Action No. 05 - 1695 |
| Plaintiff, | ) |
| | ) Judge Terrence F. McVerry/ |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDENT BARRY JOHNSON; SUSAN MYERS, *CHCH*; MATTHEW MORROW, *EMPLOYMENT COORDINATOR*; MARK HAMMER, *P.A.*; DR. JAMIL AHMED; and DR. DURRE AHMED, | ) |
| | ) Doc. No. 65 |
| Defendants. | ) |

**ORDER**

Plaintiff's original complaint in the above matter was filed on December 8, 2005. The allegations involve deliberate indifference to Plaintiff's health and medical needs. He has filed a number of motions to amend, asking to add additional, and often unrelated allegations. Pending before this Court is yet another Motion to Amend the original complaint, filed on December 11, 2006. This motion requests allowance to add a cause of action for a retaliatory transfer due to Plaintiff's having filed the present action. The alleged retaliatory transfer recently took place when Plaintiff allegedly was transferred to the State Correctional Institution at Somerset.

While the Court recognizes that the federal rules of procedure provide for the joinder of additional claims against a

party, the Court is concerned that allowing the Plaintiff to continue to amend his complaint whenever something occurs that he is unhappy with and then relate it back to this lawsuit will only result in the lawsuit never coming to any conclusion. Also, pending in this case is a Report and Recommendation to the District Court recommending that this complaint be dismissed. Allowing Plaintiff to amend at this time is tantamount to allowing him to file a new complaint without applying for in forma pauperis status or paying a filing fee. In addition, there is the problem of the applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a)   Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies even if the ultimate relief sought is not available through the administrative process. <u>See</u> <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir.2000), <u>cert. granted</u>, 531 U.S. 956 (2000), <u>aff'd</u>, 121 S.Ct. 1819 (2001). It is clear that Plaintiff could

not have exhausted his administrative remedies with respect to his alleged recent transfer.

The Court believes that the best way to address this situation is for the Plaintiff to file another lawsuit based upon a retaliation claim and that we proceed forthwith with the present lawsuit to bring it to a timely conclusion. Therefore,

**IT IS ORDERED** this 13th day of December, 2006, that Plaintiff's Motion To Amend his Complaint (doc. no. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrates. Failure to appeal within ten (10) days shall constitute waiver of the right to appeal.

                                              Lisa Pupo Lenihan
                                              United States Magistrate Judge

cc:   Duwayne Carey
       FK-1088
       S.C.I. Greensburg
       R.D. #10, Box 10
       Greensburg, PA 15601

       Counsel of Record